# EXHIBIT B

| | |
|---|---|
| DENVER COUNTY COURT<br>CITY AND COUNTY OF DENVER<br>1437 BANNOCK STREET<br>DENVER, COLORADO 80202 | Filed in the County Court<br>City & County of Denver, Colorado<br><br>SEP 1 1 2020<br><br>CLERK OF COURT |
| **WAZIR ALI MUHAMMAD**<br>Plaintiff,<br><br>v.<br><br>**WAKEFIELD AND ASSOCIATES,**<br>**UCHEALTH UNIVERSITY OF COLORADO HOSPITAL,**<br>**EXPERIAN Consumer Reporting Agency,**<br>**TRANSUNION Consumer Reporting Agency,**<br>**EQUIFAX Consumer Reporting Agency,**<br>Defendants, jointly and severally | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>20C00657 |
| Wazir Ali Muhammad, pro se<br>1031 East 150th Street, Compton, CA 90220<br>720 3189586<br>Wazir1947@aol.com<br>CA Atty. Reg. #: 189683 | |
| **COMPLAINT** | |

**COMES NOW** Wazir Ali Muhammad before this Honorable Court filing this civil action and presenting the following claims against the above-named Defendants stating the following as grounds and in support there of:

### NEGLIGENCE

1. Defendant Wakefield and Associates and Defendant UCHealth University of Colorado Hospital reported in writing that Mr. Muhammad failed to pay a hospital debt to the UCHealth University of Colorado Hospital after receiving emergency services at that hospital.

2. At the time of treatment Mr. Muhammad provided to the hospital intake staff his military identification showing his name as Richard Edward Seagraves. Richard Edward Seagraves is the name under which Mr. Muhammad served in the United States Army and the name under which all of his military records were held by the United States Veterans Administration. He explained that his insurance was provided by the United States government as a United States military veteran and that his billing for the services must be under his military name, Richard Edward Seagraves.

3.  Although the above information was provided to the hospital staff at the time of intake, at the time of billing the hospital negligently sent the billing to the United States Veterans Administration under the name of Wazir Ali Muhammad. The Veterans Administration did not have any veteran under the name of Wazir Ali Muhammad. Because there were no military records in the name of Wazir Ali Muhammad, the military rejected payment for the services. The billing was never provided to Mr. Muhammad by Defendant UCHealth University of Colorado Hospital. Mr. Muhammad never paid the charges because they were to be paid by the U.S. Department of Veterans Affairs Healthcare System.

4.  The Defendant UCHealth University of Colorado Hospital eventually passed these unpaid charges on to Defendant Wakefield and Associates who passed two new amounts of unpaid charges to three national credit bureau reporting agencies aka consumer reporting agencies: Defendant TransUnion, Defendant Experian, and Defendant Equifax.

5.  Mr. Muhammad, upon being informed of this negative and false reporting on his credit bureau record, contacted both Defendant UCHealth University of Colorado Hospital and Defendant Wakefield and Associates, disputed their credit bureau reports, and informed both Defendants of the mistake they had made in billing, i.e., sending the billing to the U.S. Department of Veterans Affairs Healthcare System in the name of Wazir Ali Muhammad. Mr. Muhammad requested that both Defendants have the negative and false credit bureau reports removed from his credit bureau reports at three national credit bureau reporting agencies aka consumer reporting agencies: TransUnion, Experian, and Equifax. Mr. Muhammad made these requests in telephone calls and in writing to these Defendants Wakefield and Associates and UCHealth University of Colorado Hospital.

6.  Mr. Muhammad has been unable to purchase real estate belonging to his parents after their deaths because of the negative and false information from Defendant UCHealth University of Colorado Hospital and Defendant Wakefield and Associates on the reports of three national credit bureau reporting agencies aka consumer reporting agencies TransUnion, Experian and Equifax.

7.  Mr. Muhammad's mother passed in 2014. Mr. Muhammad's father passed in 2017. At the time of Mr. Muhammad's father's death Mr. Muhammad could purchase the property as sole heir and a veteran for less than three hundred and ninety-five thousand dollars. However, the sale due to Mr. Muhammad's inability to raise his credit bureau score because of the negative and false reporting on his credit bureau record by all Defendants, the price for purchase of his family home has increased to approximately four hundred and twenty-five thousand dollars. Thus, even upon purchase of his family's home at this time or in the future the price will have increased by at least twenty-five thousand dollars because of the negligent, reckless, willful and wanton conduct by all Defendants.

8.  Mr. Muhammad has been injured financially and emotionally by (1) the intentionally willful and wanton action of refusal by Defendant UCHealth University of

Colorado Hospital to remove the negative and false report from Mr. Muhammad's credit bureau report resulting in Mr. Muhammad suffering severe emotional distress regarding the potential loss of his family home which has been in his family since 1952, and (2) the negligent and injurious failure by Defendant UCHealth University of Colorado Hospital to initially provide the correct billing information to the U.S. Department of Veterans Affairs Healthcare System so that the charges could be billed to and paid by that agency.

9. Defendant TransUnion's, Defendant Equifax's, and Defendant Experian's knowing continued publishing of libelous, false, inaccurate, and incomplete information in their credit bureau reports constitutes libel and malicious negligence and is a direct and proximate cause of Mr. Muhammad's financial and emotion injuries as aforesaid herein.

## LIBEL

10. The credit bureau reporting which Defendant Wakefield and Associates has published upon Mr. Muhammad's credit record with Defendant TransUnion, Defendant Equifax, and Defendant Experian is knowingly false and constitutes libel.

11. Mr. Muhammad has been injured financially and emotionally by the intentionally malicious, willful, and wanton refusal by Defendant Wakefield and Associates to remove the negative and false report of debt from Mr. Muhammad's credit bureau reports with three national credit bureau reporting agencies aka consumer reporting agencies: Defendant TransUnion, Defendant Equifax, and Defendant Experian. This debt is published as being owed to Defendant Wakefield and Associates by Mr. Muhammad.

12. Defendant Wakefield and Associates' refusal to remove knowingly false information from Mr. Muhammad's credit bureau reports is malicious, willful, and wanton conduct because Defendant Wakefield and Associates knows that it has never entered into any contractual agreement with Mr. Muhammad for any services or goods provided by Defendant Wakefield and Associates to Mr. Muhammad. Defendant Wakefield and Associates knows that Mr. Muhammad has never created any indebtedness though contract or any other method with Defendant Wakefield and Associates.

13. Defendant TransUnion's, Defendant Equifax's, and Defendant Experian's continued publishing of libelous, false, inaccurate, and incomplete information in their credit bureau reports constitutes negligence and is a direct and proximate cause of Mr. Muhammad's financial and emotion injuries as aforesaid herein.

## VIOLATION OF FAIR CREDIT REPORTING ACT

14. All Defendants have and continue to be in violation of the Fair Credit Report Act (FRCA) 15 U.S.C. §1681.

15. No Defendant has determined that the information reported to Defendant TransUnion, Defendant Equifax, and Defendant Experian by Defendant UCHealth University of Colorado Hospital and Defendant Wakefield and Associates was complete or accurate after Mr. Muhammad reported to them that the reported information was false. The false, inaccurate, and incomplete information remains as part of Mr. Muhammad's credit reports with Defendant TransUnion, Defendant Experian, and Defendant Equifax in violation of the FCRA.

16. Defendant TransUnion, Defendant Equifax, and Defendant Experian continue to publish the libelous, false, inaccurate, and incomplete information in their credit bureau reports, even after Mr. Muhammad specifically reported to Defendant TransUnion, Defendant Equifax, and Defendant Experian the libelous, false, inaccurate, and incomplete information that had been published to them by Defendant UCHealth University of Colorado Hospital and Defendant Wakefield and Associates.

17. Defendant TransUnion, Defendant Equifax, and Defendant Experian continue to publish libelous, false, inaccurate, and incomplete information in their credit bureau reports in violation of FCRA because each Defendant consumer reporting agency has failed to investigate the accuracy and completeness of the information it is including within its' credit bureau reports.

18. Defendant TransUnion, Defendant Equifax, and Defendant Experian have failed to remove and delete from their credit bureau reports the information that is in fact libelous, false, inaccurate, and incomplete within 30 days after determining that the reported information by Defendant UCHealth University of Colorado Hospital and Defendant Wakefield and Associates was unverifiable, inaccurate, and incomplete information in violation of the FCRA.

19. Defendant TransUnion's, Defendant Equifax's, and Defendant Experian's continued publishing of libelous, false, inaccurate, and incomplete information in their credit bureau reports constitutes negligence and is a direct and proximate cause of Mr. Muhammad's financial and emotion injuries as aforesaid herein.

### VIOLATION OF TITLE 38 U.S.C. §1725 and 38 CFR §17.1000

20. In violation of the Federal Fair Credit Reporting Act and Title 38 U.S.C. § 1725 and CFR § 17.1000 Defendant Wakefield and Associates and Defendant UCHealth University of Colorado Hospital erroneously and falsely published two accounts from University of Colorado Medicine to Defendant Equifax, Defendant TransUnion, and Defendant Experian.

21. These two accounts were published on Mr. Muhammad's credit reports on or about January 8, 2016. These charges resulted from Mr. Muhammad being taken by emergency ambulance to the University of Colorado Emergency Medical Hospital in Aurora, CO after he was attacked by a 25-years old man in Denver, CO. Mr. Muhammad was 69-years old and a 47-year U.S. veteran at that time.

22.     Mr. Muhammad was a Vietnam Veteran at the time of this attack. His medical insurance was from the United States Department of Veterans Affairs, Member Number 1359520618, Plan Identification (808400 7346243588). This was Mr. Muhammad's only medical insurance on the date he received services at the University of Colorado Emergency Hospital.

23.     Mr. Muhammad provided his insurance information at the time he was contacted by intake at the University of Colorado Emergency Hospital, stating to the intake staff person and showing to the intake staff person his VA identification card in the name of Richard Edward Seagraves.

24.     Mr. Muhammad also, immediately contacted the United States Veterans Administration by telephone, as required, when he was allowed use of telephone services at the University of Colorado Emergency Hospital on the same date that he received the medical services. He had received treatment for service-related illness at the United States Veterans Administration Hospital within 24-months prior to his medical treatment at University of Colorado Hospital.

25.     Mr. Muhammad's charges from the University of Colorado Emergency Hospital were to have been reported and transferred to the United States Veterans Administration in the name of Richard Edward Seagraves, his military name, by Defendant CU Health University of Colorado Hospital for payment.

26.     These charges were ultimately published as Mr. Muhammad's unpaid charges through the negligence of Defendant UCHealth University of Colorado Hospital by not reporting and transferring these charges to the United States Veterans Administration for payment in the name Richard Edward Seagraves. Because they were not reported and transferred in Mr. Muhammad's military name, Richard Edward Seagraves, the unpaid amounts eventually became the two libelous, false, negative, incorrect, inaccurate and unverifiable marks published on Mr. Muhammad's credit reports.

27.     Payment by the United States Veterans Administration for these charges are covered in Title 38 U.S.C. § 1725 and 38 U.S.C.
§ 17.1000.

Emergency Medical Care

During a medical emergency, Veterans should immediately seek care at the nearest medical facility. A medical emergency is an injury, illness, or symptom so severe that without immediate treatment, you believe your life or health is in danger. If you believe your life or health is in danger, call 911 or go to the nearest emergency department right away.

Veterans do not need to check with VA before calling for an ambulance or going to an emergency department. During a medical emergency, VA encourages all Veterans to seek immediate medical attention without delay. A claim for emergency care will never be denied based solely on VA not receiving notification prior to seeking care.

It is, however, important to promptly notify VA after receiving emergency care at a community emergency department. Notification should be made within 72 hours of admission to a community medical facility. This allows VA to assist the Veteran in coordinating necessary care or transfer and helps to ensure that the administrative and clinical requirements for VA to pay for the care are met.

Nonservice-Connected Emergency Care

VA can also pay for emergency medical care for a Veteran's nonservice connected condition. However, there are several requirements and factors that affect the extent VA can cover those services. Specifically, emergency medical care for a Veteran's nonservice-connected condition(s) is eligible for VA payment when all the following five elements are true:

(1) Care was provided in a hospital emergency department (or similar public facility held to provide emergency treatment to the public); AND
(2) The emergency was of such a nature that the Veteran (or other prudent layperson without medical training) would reasonably believe that any delay in seeking immediate medical attention would cause their life or health to be placed in jeopardy; AND
(3) A VA medical facility or another Federal facility was not reasonably available to provide the care; AND

(4) The Veteran is enrolled and has received care within a VA facility during the 24 months before the emergency care; AND
(5) The Veteran is financially liable to the provider of emergency treatment.

NOTE: Legal authorities and payment methods for VA payment for emergency care for nonservice-connected conditions are contained in Title 38 U.S.C. §1725 and 38 CFR §17.1000. CORRECTION: Previously this site stated that "by law VA cannot pay co-payments, co-insurance deductibles, or similar payments a Veteran may owe to the provider as required by their OHI (Other Health Insurance)." On September 9, 2019, the Court of Appeals for Veterans Claims ruled that VA's interpretation of the applicable law was wrong and that VA cannot deny reimbursement of coinsurance and deductible amounts owed by a Veteran under a health insurance plan. We thus clarify that VA CAN reimburse a Veteran for coinsurance and deductibles amounts (but not copayments) that a Veteran may owe to a provider under their health insurance plan.

28. Mr. Muhammad did not have other health insurance at the time that he received medical services from the University of Colorado Emergency Hospital.

## INTENTIONAL AND NEGLIGENCE INFLICTION OF EMOTIONAL DISTRESS

29. Mr. Muhammad has contacted all Defendants and informed them of the serious emotional distress their continuing libel, negligence, and violations of federal law is having on his ability to function in his personal and professional life. All Defendants have intentionally, recklessly, and negligently continued in their tortious conduct in light of the detrimental impact upon Mr. Muhammad's state of mind and emotional condition.

30. Defendant Wakefield and Associates' failure to ascertain the facts of this matter as described herein, constitutes Negligence on their part. The fact that they continue to publish the false, inaccurate, and incorrect information about Mr. Muhammad to third parties constitutes libel. The fact that Defendant Wakefield and Associates is aware that their continuing conduct of libel and negligence seriously causes emotional distress of Mr. Muhammad, constitutes both intentional and negligent infliction of emotional distress. In the light of the importance of having good to excellent credit standing in American society, the fact that the Defendant's conduct ignores the harm being done to Mr. Muhammad's ability to protect his family home and estate is so extreme and outrageous that it has caused the severe emotional distress that Mr. Muhammad is suffering.

31. Defendant UCHealth University of Colorado Hospital's failure to ascertain the facts of this matter as described herein, constitutes Negligence on their part. The fact that they continue to publish the false, inaccurate, and incorrect information about Mr. Muhammad to third parties constitutes libel. The fact that Defendant UCHealth University of Colorado Hospital is aware that their continuing conduct of libel and negligence seriously causes emotional distress of Mr. Muhammad, constitutes both intentional and negligent infliction of emotional distress. In the light of the importance of good to excellent credit standing in American society, the fact that the Defendant's conduct ignores the harm being done to Mr. Muhammad's ability to protect his family home and estate is so extreme and outrageous that it has caused the severe emotional distress that Mr. Muhammad is suffering.

32. Defendant TransUnion's failure to ascertain the facts of this matter as described herein, constitutes Negligence on their part. The fact that they continue to publish the false, inaccurate, and incorrect information about Mr. Muhammad to third parties constitutes libel. The fact that Defendant TransUnion is aware that their continuing conduct of libel and negligence seriously causes emotional distress of Mr. Muhammad, constitutes both intentional and negligent infliction of emotional distress. In the light of the importance of having good to excellent credit standing in American society, the fact that the Defendant's conduct ignores the harm being done to Mr. Muhammad's ability to protect his family home and estate is so extreme and outrageous that it has caused the severe emotional distress that Mr. Muhammad is suffering.

33.     Defendant Experian's failure to ascertain the facts of this matter as described herein, constitutes Negligence on their part. The fact that they continue to publish the false, inaccurate, and incorrect information about Mr. Muhammad to third parties constitutes libel. The fact that Defendant Experian is aware that their continuing conduct of libel and negligence seriously causes emotional distress of Mr. Muhammad, constitutes both intentional and negligent infliction of emotional distress. In the light of the importance of having good to excellent credit standing in American society, the fact that the Defendant's conduct ignores the harm being done to Mr. Muhammad's ability to protect his family home and estate is so extreme and outrageous that it has caused the severe emotional distress that Mr. Muhammad is suffering.

34.     Defendant Equifax' failure to ascertain the facts of this matter as described herein, constitutes Negligence on their part. The fact that they continue to publish the false, inaccurate, and incorrect information about Mr. Muhammad to third parties constitutes libel. The fact that Defendant Equifax is aware that their continuing conduct of libel and negligence seriously causes emotional distress of Mr. Muhammad, constitutes both intentional and negligent infliction of emotional distress. In the light of the importance of having good to excellent credit standing in American society, the fact that the Defendants' conduct ignores the harm being done to Mr. Muhammad's ability to protect his family home and estate is so extreme and outrageous that it has caused the severe emotional distress that Mr. Muhammad is suffering.

## PRAYER

**WHEREFORE** based upon the aforesaid Mr. Muhammad asks of this Honorable Court issue and Order granting damages in an unspecified amount but to be not less than twenty-five thousand dollars, and ordering that each and all Defendants cease and desist from further publishing on any and all consumer credit report the existence of any outstanding debt to Defendant Wakefield and Associates and to UCHealth University of Colorado Hospital, and ordering any and all other remedies which this Honorable Court deems appropriate and necessary for the perfection of this Prayer.

Respectfully submitted on this 11th day of September 2020.

_____
Wazir Ali Muhammad
Plaintiff